# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEONARD ZAWICKI, | : | No. 3:16cv453 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| MERWIN ARMSTRONG, | : | |
| JOEL THOMAS BARNEY, | : | |
| individually and d/b/a | : | |
| BARNEY TRUCKING and | : | |
| BARNEY TRUCKING, | : | |
|     Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is the defendants' motion for partial summary judgment. The parties have briefed their respective positions, and the matter is ripe for disposition.

**Background**[1]

On October 15, 2014, Plaintiff Leonard Zawicki suffered personal injuries in an automobile accident. The accident occurred on Interstate 81 in Dunmore, Pennsylvania. A commercial tractor trailer operated by Defendant Merwin Armstrong struck plaintiff's vehicle from behind. Defendant Merwin worked for Defendant Barney Trucking, which is owned

---

[1] As these brief background facts are generally agreed to by the parties, we do not provide citations to the record. Citations will be provided below when we discuss disputed facts.

and operated by Defendant Joel Thomas Barney. The company is headquartered in Tully, New York.

Plaintiff filed a two-count complaint to recover damages from the accident. The complaint includes the following two causes of action: Count I, a negligence claim against Merwin Armstrong; and Count II, a negligence claim against Joel Thomas Barney, individually and d/b/a Barney Trucking and Barney Trucking. (Doc. 1, Compl.). Plaintiff seeks compensatory damages as well as punitive damages. (Id.)

At the conclusion of discovery, defendants moved for partial summary judgment. The parties have briefed their respective positions, bringing the case to its present posture.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. Plaintiff Leonard Zawicki is a citizen of Pennsylvania. (Doc. 1, Notice of Removal ¶ 5), and defendants are citizens of New Jersey and New York . (Id. ¶¶ 6-8). Additionally, the amount in controversy exceeds $75,000. (Id. ¶ 10). Because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000, the court has jurisdiction over this case. See 28 U.S.C. § 1332 ("[D]istrict

courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]"); 28 U.S.C. § 1441 (A defendant can generally move a state court civil action to federal court if the federal court would have had original jurisdiction to address the matter pursuant to the diversity jurisdiction statute). As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. Co. v. Tomkins, 304 U.S. 64, 78 (1938)).

**Standard of review**

Granting summary judgment is proper "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (quoting FED. R. CIV. P. 56(c)).  "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby,

3

Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**Discussion**

Defendants' motion raises several issues, including: 1) whether

evidence supports a claim for punitive damages as to Defendant Merwin Armstrong; 2) whether evidence supports a claim against Joel Thomas Barney individually; and 3) whether evidence supports a claim for punitive damages as to defendants Joel Thomas Barney or Barney Trucking.  We will address these issues separately.

**1.  Punitive damages claim against Defendant Merwin Armstrong**

Defendants first move for summary judgment on the punitive damages claim against Defendant Merwin Armstrong. As noted above, Defendant Armstrong drove the tractor trailer which struck plaintiff's automobile. Defendants argue that discovery has revealed that, as a matter of law, punitive damages are not appropriate.  After a careful review, we disagree with the defendants.

We must first establish the standard for awarding punitive damages. As noted above, because the court sits in diversity, the substantive law of Pennsylvania applies to the instant case. <u>Chamberlain</u>, 210 F.3d at 158 (<u>citing</u> <u>Erie R.R. Co.</u>, 304 U.S. at 78).  In Pennsylvania, "'[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.'" <u>Hutchinson ex rel. Hutchinson v. Luddy</u>, 870 A. 2d 766, 770 (Pa. 2005)

(quoting Feld v. Merriam, 485 A.2d 742, 747 (Pa. 1984)).  Since "punitive damages are penal in nature," they are available "only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct."  Id.  In determining whether to award punitive damages, "one must look to 'the act itself together with all the circumstances including the motive of the wrongdoers and the relations between the parties.'"  Feld, 485 A.2d at 748 (quoting Chambers v. Montgomery, 192 A.2d 355, 358 (Pa. 1963)).  A party may be liable for punitive damages by acting with "reckless indifference."  Medvecz v. Choi, 569 F.2d 1221 (3d Cir. 1977).  As such, "a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk."  Hutchinson, 870 A.2d at 772.

We conclude that the issue of punitive damages against Defendant Armstrong is a question for the fact finder.  Plaintiff has presented evidence that at the time of the accident, weather conditions created a hazardous condition that affected visibility and/or traction and Defendant Armstrong drove too fast for these conditions.  Plaintiff described the

6

traveling conditions as follows:

> I was going down 81 South towards the Scranton area and it was raining and then it started raining very hard. And shortly after that everybody started hitting their brakes. I didn't know if [it] was because of the heavy rain or what. So I hit my brakes and slowed down. Everything was very fast. It happened quick. But I was slowing down and I almost came to a complete stop and I was hit from behind . . . and pushed into the vehicle in front of me. And then everything came to a rest and it was pouring rain. . . . When the rain started coming down very heavy I slowed down to approximately 40-45 miles an hour[.]

(Doc. 19-2, Pl. Ex. B., Pl. Dep. at 156-158).

Additionally, plaintiff's tractor trailer safety expert indicates that:

> The Pennsylvania Commercial Driver License Manual ("CDL Manual") recommends that a driver keep a 12-15 second lookout ahead at all times if possible. [Defendant] Armstrong testified that he was somewhere from 200-250 feet from the traffic ahead when he realized that the vehicles were slowing and stopping while still maintaining a speed of 55 mph. At 55 mph the truck was traveling at 80.67 feet per second, giving [Defendant] Armstrong only a 2.5-3.1 second travel time from the vehicle in front of him, which is certainly below 12-15 seconds. At this distance and speed, there is no possible way [Defendant] Armstrong could stop the 74,000 lb vehicle and is the reason the collision occurred.

(Doc. 19-6, Pl. Ex. F, Expert Report of Kerry Nelson at 5). Immediately before the accident, Defendant Armstrong was on his cell phone and

7

looking at his gauges to make sure that his truck did not overheat. (Id. at 4). The tractor trailer expert concludes that Defendant "Armstrong's conduct was grossly negligent and wanton." (Id. at 3).

Plaintiff's version of the driving conditions on the day in question vary greatly from the defendants' version. The plaintiff claims that heavy rain fell causing poor visibility and wet roads. Defendants on the other hand claim that it was merely misting. Depending on who the trier of fact credits, it could be found that Defendant Armstrong's actions were indeed grossly negligent and wanton or unreasonable under the circumstances. Accordingly, genuine issues of material fact exist and we will not grant summary judgment to Defendant Armstrong on the punitive damages claim.

**2. Negligence claim against Joel Thomas Barney in his individual capacity**

Next, defendants seek judgment on plaintiff's claim against Defendant Joel Thomas Barney (hereinafter "Defendant Barney"). Defendant Barney owns and operates Defendant Barney Trucking, the company for which Defendant Armstrong worked. Defendants argue that no evidence supports a finding of negligence with respect to Defendant Barney in his individual capacity. Further, plaintiff's expert report does not

8

mention any wrongdoing on Defendant Barney's part according to the defendants. Thus, defendants argue that judgment should be granted in favor of Defendant Barney. We disagree.

The defendants' brief in support of its motion to dismiss Defendant Joel Thomas Barney in his individual capacity reads as follows:

> Preliminarily, Joel Thomas Barney must be dismissed because there is not a single fact of record or evidentiary support for a theory of negligence which applies to Mr. Barney in his individual capacity. Throughout the entirety of Plaintiff's report from [plaintiff's liability expert], there is no mention of the alleged wrongdoing of Mr. Barney in his individual capacity and as a result, it is respectfully submitted he must be dismissed from this case outright.

(Doc. 18, Defs.' Supp. Br. at 12).

In response to defendants' argument, plaintiff points out that Defendant Barney owns and operates the trucking business at issue individually, not as a corporation. (Doc. 19-7, Pl. Ex. G, Def. Barney Dep. at 2) (Defendant Barney indicating that Barney Trucking has never been incorporated or made into an LLC or a partnership. It is just him, doing business as Barney Trucking.).

Plaintiff further cites to allegations in the complaint that Defendant Joel Thomas Barney: allowed his truck to be operated in violation of

9

applicable federal rules and regulations; allowed Defendant Armstrong to operate the truck when he knew or should have known that he was not capable and qualified to do so; failed to properly qualify Defendant Armstrong as required by federal regulations; and failed to properly supervise Defendant Armstrong in the operation of the tractor trailer. (Doc. 19, Pl.'s Oppo. Br. at 13, citing to the Complaint ¶ 29).

To support these allegations, the plaintiff points to Defendant Barney's deposition where he was asked if he was familiar with federal rules and regulations and the requirements as far as an employer of a commercial driver's license truck driver. He responded, "I have no idea." (Doc. 19-7, Pl. Ex. G, Def. Barney Dep. at 11).

Moreover, the defendants stipulated "to negligence as the cause of the subject motor vehicle accident. However, please be advised the Defendants will continue to contest and defend the Plaintiff's claims for proximate cause of damages and the severity of same." (Doc. 19-4, Pl. Ex. D., Corr. dated Sept. 12, 2016).

Based upon all the above, we find that the plaintiff has established a genuine issue of material fact with regard to the liability of Defendant Joel Thomas Barney in his individual capacity. The defendants' motion for

summary judgment on this issue will be denied.

**3. Negligence and punitive damages claims against Defendants Joel Thomas Barney and Barney Trucking**

The defendants raise two more issues with regard to Defendants Joel Thomas Barney and Barney Trucking. First, they claim that the evidence does not establish that the truck driver drove his truck at an unsafe speed during adverse conditions, and he cannot be held liable. Because the driver cannot be held liable, his employer, Joel Thomas Barney/Barney Trucking, cannot be held liable either. As addressed above, however, we find that a question of fact exists as to whether the truck driver operated his vehicle at an unsafe speed during adverse driving conditions. Thus, this basis for summary judgment on behalf of Joel Thomas Barney and Barney Trucking lacks merit.

Next, defendants argue that punitive damages are not appropriate against Joel Thomas Barney and Barney Trucking. Plaintiff responds with his liability expert's report. The expert concluded that Defendant Barney did not properly qualify Defendant Armstrong as a commercial driver in violation of Federal Motor Carrier Safety Regulations. (Doc. 19-6, Pl. Ex. F, Kerry Nelson Report at 3). Further, Barney Trucking did not have a Safety Management System to make sure that its drivers are trained and

experienced to safely operate commercial motor vehicles. (Id.) Lastly, the expert concluded, "Barney Trucking's operation of its business was grossly negligent and wanton." Id. at 4.

We find that based upon this evidence, the plaintiff has created a genuine issue of material fact with regard to punitive damages and Defendant Armstrong's employer. The motion for summary judgment will be denied on this point.

**Conclusion**

For the foregoing reasons, we find that genuine issues of fact exist as to all of the issues raised in the defendants' motion for summary judgment. Accordingly, the motion will be denied. An appropriate order follows.

Date: <u>May 1, 2017</u>                    <u>s/ James M. Munley</u>
                            **JUDGE JAMES M. MUNLEY**
                            **United States District Court**