IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEONARD ZAWICKI, : No. 3:16cv453
    Plaintiff :
: (Judge Munley)
    v. :
:
MERWIN ARMSTRONG, :
JOEL THOMAS BARNEY, :
individually and d/b/a :
BARNEY TRUCKING and :
BARNEY TRUCKING, :
    Defendants :
..............................................................................................................

# MEMORANDUM

Before the court for disposition are motions in limine filed by the plaintiff and the defendants. The parties have briefed their respective positions, and the matter is ripe for disposition.

**Background**[1]

On October 15, 2014, Plaintiff Leonard Zawicki suffered personal injuries in an automobile accident. The accident occurred on Interstate 81 in Dunmore, Pennsylvania. A commercial tractor trailer operated by Defendant Merwin Armstrong struck plaintiff's vehicle from behind. Defendant Armstrong worked for

---

[1] As these brief background facts are generally agreed to by the parties, we do not provide citations to the record. Citations will be provided below when we discuss disputed facts.

Defendant Barney Trucking, which is owned and operated by Defendant Joel Thomas Barney. The company is headquartered in Tully, New York.

Plaintiff alleges that due to the accident he suffered significant injuries to his neck, back, left arm, right foot and right ankle. Additionally, he sustained a rotator cuff tear to his left shoulder which required surgery. Plaintiff filed a two-count complaint to recover damages from the defendants. The complaint includes the following two causes of action: Count I, negligence against Merwin Armstrong regarding his operation of the vehicle; and Count II, negligent entrustment against Joel Thomas Barney, individually and d/b/a Barney Trucking and Barney Trucking. (Doc. 1, Compl.). Plaintiff seeks compensatory damages as well as punitive damages. (Id.)

At the conclusion of discovery, defendants moved for partial summary judgment, which we denied. We scheduled a pretrial conference, and in compliance with the court's rule, the parties have filed several motions in limine and a motion to bifurcate. We will address these motions *seriatim* beginning with the plaintiff's motions in limine.

## I. Plaintiff's motions in limine

Plaintiff has filed four motions in limine. He seeks to preclude the following: the testimony of Robert Grob, D.O.; evidence of medical treatment plaintiff received prior to September 2, 2016; evidence of prior car accidents; and

2

medical reports of Defendant Armstrong. The court will address each motion in turn.

**A. Dr. Grob (Doc. 26)**

Robert Grob, Doctor of Osteopathic Medicine, (hereinafter "Dr. Grob") examined plaintiff at the request of plaintiff's workers' compensation carrier. He issued a report regarding plaintiff's injuries and his ability to return to work. Defendants intend to call Dr. Grob at trial, and other defense experts in the case relied on Dr. Grob's report. Plaintiff seeks to exclude Dr. Grob's testimony on the basis that the defendants did not timely reveal that Dr. Grob was to be a witness.

Rule 26 of the Federal Rules of Civil Procedure provides as follows: "A party must, without awaiting a discovery request, reveal its expert witnesses to the other parties." FED. R. CIV. P. 26(a)(2)(A). The parties are also under the duty to supplement these disclosures. FED. R. CIV. P. 26(e). If a party fails to make such a disclosure, then that party is not allowed to use that witness at trial "unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(e).

Plaintiff argues that Dr. Grob should be precluded because defendant did not disclose their intention to call him as a witness until July 2017, nine months after discovery closed. Additionally, the doctor's opinions are inadmissible

hearsay and allowing experts to rely on his opinion would be improperly allowing in Dr. Grob's opinion. After a careful review, we disagree with the plaintiff.

Before expert discovery closed, defendants produced Dr. Grob's reports and other records - other experts reports- explicitly referencing Dr. Grob. Defendants turned over this material in in August 2016 and October 2016. (Doc. 55-4, Doc. 55-5). Plaintiff cross-examined Dr. Grob (Doc. 55-10) and plaintiff discussed Dr. Grob's findings with his own expert. (Doc. 55-11).

Based upon all of this evidence, we find that defendants did not attempt to conceal Dr. Grob or act in bad faith. It appears that the defendants inadvertently failed to disclose the name of Dr. Grob as a potential witness. Plaintiff has suffered no prejudice from this failure and the failure to disclose was harmless. Therefore, we will deny the motion in limine and not preclude the defendants from using Dr. Grob's testimony at trial.

**B. Preclude evidence that any of plaintiff's medical treatment before September 2, 2016 is not causally related to the crash (Doc. 28)**

The defendants retained two medical examiners who offered opinions on plaintiff's injuries. Neither opined that plaintiff's injuries and medical bills were not causally related to the crash at hand. Plaintiff's expert will testify that his injuries and bills are causally related to the crash. A defense expert examined plaintiff on September 2, 2016 and found him to be fully recovered as of that

4

point. Plaintiff argues that defendants do not have any expert testimony regarding causation of the bills and injury before September 2, 2016, thus no evidence suggesting otherwise should be admitted.

Defendants argue that reports of their medical experts, Dr. Sexton and Dr. Cohen, challenged the medical treatment rendered from the date of the accident to September 2, 2017. Defendants opine that plaintiff's motion in limine ignores the conclusions of these witnesses. Without going into great detail, we note that the defendants' brief cites to the expert reports and the dates that various doctors found that the plaintiff's injuries had healed. (Doc. 54-2, Defs'. Br. at 1-3). Thus, we find that this issue is not one of admission of evidence, but a matter of examination of the witnesses, interpretation of the evidence, and argument to the jury. Accordingly, the motion in limine will be denied.

### C. Prior car accidents

Plaintiff had several car accidents prior to the one at issue. However, he was uninjured in these crashes and received no medical treatment due to them. In their interrogatories, the defendants asked: "Aside from the accidents or incidents mentioned above, have you been involved in any other accidents or incidents in which you sustained damages and/or injuries? If so, state the nature of the incident, the place and date on which it occurred, the names and

addresses of all persons involved, the injuries and impairments sustained by you and the Court term and number of any lawsuit commenced as a result thereof." (Doc. 56-1 at 2). Plaintiff responded with "none that I recall." (Id.) At his deposition, one month later, defendants asked: "Sir, have you ever been involved in any other motor-vehicle accidents besides this one?" (Id.) To this question, plaintiff indicated "yes". (Id.)

Plaintiff argues that none of these other crashes should be admitted because no evidence links them to plaintiff's injuries at issue here. Defendant argues that the evidence should come in to impeach the plaintiff and to establish that he is not credible. A review of the questions, however, reveals that the plaintiff's answers were not necessarily inconsistent.

In the interrogatories, defendants asked plaintiff about other accidents or incidents in which he sustained damages and/or injuries. At the deposition, they asked him about any accidents - not only accidents by which he sustained injuries. Thus, the answers are consistent and are not proper impeachment evidence. The plaintiff's motion in limine will be granted, and evidence of prior accidents is not admissible.

**D. Defendant's medical examination reports of September 11, 2012; September 11, 2013; and September 23, 2011 (Doc. 32)**

During discovery, defendants provided to plaintiff certain medical examination reports dated September 23, 2011; September 11, 2012; and September 11, 2013. These reports relate to Defendant Armstrong, the truck driver. Each report was evidently made up of seven parts, but initially defendants only turned over to the plaintiff the first three portions of the report. (Doc. 32, ¶ 13). Plaintiff's trucking expert, Kerry Nelson, based his report on these incomplete medical reports. (Id. ¶ 14). The expert concluded in his report that defendants violated regulations by not having valid medical certificates for Armstrong. (Id.) Plaintiff provided a copy of this report to the defendants, and then defendants provided plaintiff with the remaining sections of the medical examination reports of relevant dates. (Id. at ¶ 16). Evidently, these remaining sections indicate that Armstrong did have the required medical certificates. The discovery deadline was September 28, 2016, and defendant did not produce them until October 25, 2016. Plaintiff seeks to preclude these reports because defendant did not timely produce them.

7

Defendants argue that its failure to disclose this information in a timely fashion is harmless, and thus, the evidence should not be precluded. We agree with the defendants.

The law provides that when a party fails to provide evidence in discovery that should have been produced, then the court may sanction that party by prohibiting the evidence from trial. FED. R. CIV. P. 37(c)(1). If, however, the failure to disclose the information is "harmless" then the evidence should be permitted at trial. Id. To determine if the failure to disclose is harmless or deserves a sanction, we examine:

> (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation.

Nicholas v. Penn. State Univ., 227 F.3d 133, 148 (3d Cir. 2000).

Here, plaintiff complains that he did not receive complete copies of Medical Examination Reports, produced over a year ago by the defendant. Defendants indicate that they did not provide the complete reports due to a copying error. (Doc. 53, Def.s' Resp. to Mot. in Lim. ¶ 13). The records were double-sided, but only one side of them was copied. (Id.) For purposes of this motion, we will accept the defendants' explanation.

The remainder of the relevant factors require us to examine the prejudice to the plaintiff in receiving these documents late. We find that the plaintiff will not be unduly prejudiced. No trial date has been scheduled and defendants indicate that they would not object to plaintiff conducting any additional discovery he deems appropriate for the late-disclosed information. Thus, we will not preclude this information. It has been turned over to the plaintiff well in advance of the trial and its late production will not cause any undue prejudice.

**II. Defendants' motions in limine**

We now turn our attention to the seven motions in limine filed by the defendants. We will address them in the order that they were filed.

### A. Defendant Armstrong's subsequent accidents (Doc. 34)

The accident at issue in the instant case occurred on October 15, 2014. Defendant Armstrong, the truck driver, had a subsequent accident with his truck nearly two years later on July 12, 2016. Plaintiff seeks to present this evidence at trial, but defendants deem the evidence irrelevant and move for its preclusion.

Federal law provides that relevant evidence is generally admissible. FED. R. EVID. 402. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. The law provides that relevant evidence may be excluded "if

9

its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

Defendants argue that this evidence is irrelevant. The issues in this case are negligence at the time of the accident and negligent entrustment at the time of the accident. Accidents that occurred after the incident at issue have no relevance to these issues.

Plaintiff argues the evidence is relevant – as it goes to whether the defendant trucking company had driver monitoring or training and driver supervision. The company only disciplined the defendant driver after he drove his truck off the road and totaled it, which occurred after the instant accident. This second accident demonstrates that no system was in place at the time of the subject accident to monitor, train or supervise the drivers.

After a careful review, we agree with the defendants. The proper focus in this case is what happened at the time of the accident, and the procedures and supervision that the trucking company had in place at that time. The fact that the defendant truck driver had another accident many months later is not relevant to the accident at issue. The defendants' motion in limine will be granted.

**B. Kerry Nelson and Defendant Armstrong's cellular phone usage (Doc. 35)**

Plaintiff has retained an expert witness, Kerry Nelson, to testify regarding Defendant Armstrong's cellular phone usage before the accident. Defendants move to preclude this witness and testimony on the basis that its probative value is substantially outweighed by prejudice and misleading the jury under Rule 403 of the Federal Rules of Evidence.

Defendants argue that Defendant Armstrong's deposition testimony reveals that he was using a hands free device at the time of the accident and the regulations do not prohibit the use of such devices. Plaintiff argues that the evidence is relevant as to the defendant's wanton/reckless behavior.

We find that whether the defendant used a cellular telephone immediately prior to/during the accident is a relevant factor for the jury to consider amongst all of the other facts surrounding the accident. The evidence's probative value is not substantially outweighed by prejudice. The evidence thus will be admitted.

**C. Plaintiff's Expert Kerry Nelson's opinion that Defendant Armstrong was not physically qualified to drive a commercial motor vehicle**

Plaintiff's trucking expert, Kerry Nelson, authored a report in which he opines that Defendant Armstrong did not have an appropriate medical examiner's certificate at the time of the accident as required by federal regulations.

11

Defendant points out, however, that Nelson did not have all the pages of various medical examinations of the defendant driver. Had he had these documents, his opinion would have been different. Thus, his opinion should be precluded.

Plaintiff argues that regulations require commercial vehicle operators to be medically examined and obtain a medical examiner's certificate. Plaintiff's expert indicates that the driver did not have one of these certificates and thus was not qualified to drive the truck. Defendants have never presented a valid medical certificate for the time in question, thus, the expert should be able to testify.

We find that the issue raised by the defendants does not rise to the level of preclusion. The defendants will be able to address the documents that Nelson had or did not have, at the time of the trial. This issue then becomes a matter of cross-examination and argument. Accordingly, this motion in limine will be denied.

**D. Plaintiff's Expert Michael Jaloweic, D.O. and plaintiff's ability to return to work**

Plaintiff intends to call Dr. Jalowiec, who specializes in internal medicine, to testify that plaintiff's injuries prevented him for returning to his job duties. Defendants challenge these conclusions because the doctor offers medical

12

opinions in the areas of orthopedics and neurology, fields in which he does not specialize.

Plaintiff argues that Dr. Jalowiec is plaintiff's primary care/treating physician and should be allowed to provide his opinion as to whether plaintiff is able or unable to work due to his injuries. We agree with the plaintiff. As plaintiff's treating physician he will be able to provide important evidence regarding the plaintiff's injuries and limitations. His conclusions can be challenged by the defendant through cross examination, argument to the jury and presentation of their own medical witnesses.

### E. Punitive damages

Plaintiff's complaint seeks punitive damages against the defendants. Defendants argue that punitive damages are not appropriate in this case because nothing in the record indicates that they acted recklessly indifferent to the interests of others. According to the defendants, the record indicates that the defendant driver was not speeding, had no notice of change in the flow of traffic, and appropriately applied his brakes when he came to the crest of the hill and noticed traffic was stopped. Moreover, no evidence indicates that the defendant truck company let him operate his vehicle in a grossly negligent or recklessly indifferent manner.

Plaintiff points out, however, that we decided this issue in plaintiff's favor at the summary judgment stage and nothing has since changed. We agree with the plaintiff. We fully addressed this issue at the summary judgment stage and have no reason at this point to change the conclusion we reached. (Doc. 23, Memo. of May 1, 2017 at 6-7, 11-12). Accordingly, the defendants' motion in limine on punitive damages will be denied.

**F. Defendant's post-accident employment status**

Defendant Armstrong indicated at his deposition that after the accident, the only disciplinary action he received from his employer was a three-day suspension and the loss of a safety bonus. After the suspension, he evidently returned to work for Defendant Barney Trucking.

Defendant moves to preclude Defendant Armstrong's employment status after the accident took place, which is that he was only suspended for three days and then returned to work. According to the defendant, this evidence is irrelevant to the issues involved in this case. The important information, that Defendant Armstrong was employed by, and driving in the course and scope of his employment with, Defendant Barney Trucking at the time of the accident has been admitted. It would be a waste of time to present evidence of his status with Barney Trucking after the accident.

Plaintiff's position is that his trucking expert opines that at the time of the accident, the defendant trucking company provided absolutely no driver monitoring or training and this lack of supervision is evidenced by multiple accidents involving company trucks without any consequences to the drivers. This conduct constitutes gross negligence and wanton misconduct. The expert uses the fact that the defendant trucking company failed to provide any meaningful discipline to Defendant Armstrong after the crash to bolster and support his conclusions. We agree with the defendant that this evidence is not relevant. The driver's employment status post-accident does not make it more likely or less likely that he was negligent on the day in question. Additionally, it does not make it more likely or less likely that the trucking company negligently entrusted the truck to him on the day in question. Accordingly, this motion in limine will be granted.

**G. April 4, 2017 letter from Stephen Dutka**

Defendants next assert that plaintiff intends to enter into evidence at trial a letter dated April 4, 2017 from Stephen Dutka which declines to extend employment to plaintiff due to plaintiff's medication and medical injuries. Defendant seeks to preclude this letter because: 1) it is late, discovery closed in September 2016 and the letter was not revealed until May 2017; and 2) the letter is inadmissible hearsay.

15

Plaintiff clarifies in his brief, however, that he does not seek to use the letter at trial. (Doc. 48, Pl.'s Brief). Accordingly, this motion in limine will be granted as unopposed.

**III. Defendants' motion to bifurcate**

In addition to these motions in limine, the defendants filed a motion to bifurcate the trial. Rule 42 of the Federal Rules of Civil Procedure provides for bifurcated trials as follows: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." FED. R. CIV. P. 42(b).

Every civil trial contains questions of liability and damages, and the decision whether to bifurcate the trial must be based on the particular facts of the case. Lis v. Robert Packer Hosp., 579 F.2d 819, 824 (3d Cir. 1978). The decision to bifurcate is left in the trial court's discretion and must be decided on a case-by-case basis. Idzojtic v. Pa. R.R. Co., 456 F.2d 1228, 1230 (3d Cir. 1972). In exercising such discretion, the court "must weigh the various considerations of convenience, prejudice to the parties, expedition and economy of resources." Emerick v. U.S. Suzuku Motor Corp., 750 F.2d 19, 22 (3d Cir.1984). The moving party bears the burden of establishing that bifurcation is appropriate. Innovative Office Prods., Inc. v. Spaceco, Inc., No. 50–04037, 2006 WL 1340865 at *1 (E.D.

Pa. May 15, 2006) (citing Spectra–Physics Lasers, Inc. v. Uniphase Corp., 144 F.R.D. 99, 101 (N.D. Cal.1992).

Defendants argue that bifurcation is appropriate here. Defendants' position is that the scope of plaintiff's alleged injuries and the possibility of punitive damages could create prejudice against the defendants. For example, evidence of defendant's net worth is relevant to punitive damages, but not as to liability. We find that bifurcation is not appropriate here. Defendants point to no particular issues that are not present in the typical case. The court is confident that it can, with the assistance of counsel, construct a jury charge and a verdict slip that will prevent prejudice to defendants. We presume that a jury follows instructions, even in difficult cases, and finds that proper instructions will prevent any prejudicial confusion. See, e.g., Thaubalt v. Chait, 541 F.3d 512, 530-31 (3d Cir. 2008) (upholding the decision not to bifurcate the trial in part because the court's jury instructions prevented prejudice against the defendant). Accordingly, the defendants' motion to bifurcate will be denied.

**Conclusion**

Based upon the above reasoning, the plaintiff's motion in limine seeking to preclude evidence of plaintiff's prior car accidents will be granted. The remainder of the plaintiff's motions in limine will be denied. The defendants' motions in limine seeking to preclude a subsequent accident involving Defendant Armstrong

and Defendant Armstrong's employment status subsequent to the accident will be granted. The defendants' motion in limine regarding the April 4, 2017 letter from Stephen Dutka will be granted as plaintiff does not seek to admit the letter. The remainder of the defendants' motions in limine will be denied. An appropriate order follows.

**Date: Dec. 8, 2017**                        **s/ James M. Munley**
                                                                         **JUDGE JAMES M. MUNLEY**
                                                                         **United States District Court**